United States Courts
Southern District of Texas
FILED

JUL 1 0 2009

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Houston Division

| | | |
|---|---|---|
| Lilia Mistetsky, | § § § § | |
| Plaintiff | § § | |
| vs. | § § | Civil Action No. H-09-2195 |
| Thomas E. Bilek, The Bilek Law Firm, L.L.P. and Hoeffner & Bilek, L.L.P., | § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, and pursuant to 28 U.S.C. § 1446, Defendants Thomas E. Bilek, The Bilek Law Firm, L.L.P. and Hoeffner & Bilek, L.L.P. give notice that this cause is hereby removed from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas. For this notice of Removal, Defendants plead as follows:

### Nature of the Case

1. On June 16, 2009, Plaintiff Lilia Mistetsky filed this case in the District Court, Harris County, Texas. It was assigned to the 133rd District Court and given case number 2009-38125.

### Grounds for Removal

2. This lawsuit is a class action within the meaning of 28 U.S.C. § 1453(a) and 28 U.S.C. 1332(d)(1). This action could have originally been filed in this Court under 28 U.S.C. § 1332(d), because the matter was brought as a class action, diversity of citizenship exists between one or more members of the class and one or more defendants, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. *See* Petition (seeking

953272v1/011471

potential damages up to $8.65 million, as well, as punitive damages, and a constructive trust). Therefore, removal is proper pursuant to 28 U.S.C. § 1453.

## Timeliness of Removal

3.  Defendants were served with the original petition on June 18, 2009. Defendants waived service of process.

4.  The original petition constitutes all process, pleadings and orders that have been filed in this action. A copy is attached as Exhibit 1. The state court docket sheet is attached as Exhibit 2. A list of all counsel of record and parties represented is attached as Exhibit 3. An index of the matters being filed is attached as Exhibit 4.

5.  June 18, 2009 is within thirty days of the filing of this Notice of Removal; therefore this Notice of Removal is timely under 28 U.S.C. § 1446.

## Jurisdiction

6.  A district court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) over class actions in which:

> [T]he matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

7.  This lawsuit is brought by a putative class representative on behalf of a proposed class of individuals. *See* Petition. The proposed class is defined as:

> All persons or entities who, as shareholders of Compaq Computer Corporation, participated in, did not opt out of, and received monies as a result of the settlement in 2002 of the class action case styled: *Mark Berger, et al., v. Compaq*

*Computer Corp., et al.*, No. 98-1148, *In the United States District Court, Southern District of Texas, Houston Division.*

*Id.* As such, this matter is a purported class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) & 1453(a).

8. Plaintiff alleges that as a result of Defendants' alleged misrepresentations, "the Court awarded a total attorney fee of $8.65 million; Bilek himself received approximately 30% of this fee, or approximately $2.5 million. This case seeks disgorgement, as well as damages suffered by Plaintiffs as a result of Defendants' fiduciary duty breaks. Plaintiffs also seek punitive damages." In the Prayer for Relief Plaintiff puts no upper limit on the damages sought. Instead, she seeks damages "estimated to exceed $2.5 million" as well as a constructive trust and uncapped punitive damages. The unlimited request for an amount in excess of $2.5 million, combined with the allegation that Plaintiff is questioning the entire fee award of $8.65 million, along with the inclusion of an uncapped request for punitive damages, and equitable relief in the form of a constructive trust, exceeds the $5 million amount in controversy threshold set forth in 28 U.S.C. § 1332(d)(2).

9. Minimal diversity exists pursuant to 28 U.S.C. § 1332(d) because defendants are citizens of the State of Texas and the Plaintiff, Lilia Mistetsky, is a citizen of the State of New York. *See* Petition.

10. The minimal diversity requirement of 28 U.S.C. 1332(d)(2) is clearly satisfied in this case.

11. The exceptions of 28 U.S.C. 1332(d)(5) do not apply, as the defendants are not States, State officials or other government entities and the number of members of the proposed plaintiff class is, in the aggregate, more than 100. *See* Petition (pleading that there are "thousands" of class members)

12. A jury demand has been made in the underlying case.

953272v1/011471

Dated: July 10, 2009.

        Respectfully submitted,

        SUSMAN GODFREY L.L.P.

        By: *Kenneth S. Marks by permission*
        Kenneth S. Marks (*Attorney-In-Charge*)
        S.D. Admissions No. 02767
        J. Hoke Peacock III
        S.D. Admissions No. 13529
        William R. H. Merrill
        S. D. Admissions No. 23601
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002
        Telephone: (713) 651-9366
        Facsimile: (713) 654-6666

        *Attorneys for Thomas E. Bilek, The Bilek Law Firm, L.L.P. and Hoeffner & Bilek, L.L.P.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record, this 10th day of July, 2009, by e-mail and First Class Mail:

Anthony G. Buzbee
The Buzbee Law Firm
J. P. Morgan Chase Tower
600 Travis, Suite 7300
Houston TX 77002
E-mail: tbuzbee@txattorneys.com

                              William R. H. Merrill

953272v1/011471