UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LILIA MISTETSKY § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-09-2195 |
| § | |
| THOMAS E BILEK, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the Court is the defendants', Thomas E. Bilek, Hoeffner & Bilek, L.L.P. and The Bilek Law Firm, L.L.P.,[1] motion for summary judgment (Docket Entry No. 61). The plaintiff, Lilia Mistetsky, filed a response in opposition (Docket Entry No. 71), to which the defendants filed a reply (Docket Entry No. 74). After having carefully reviewed the motion, the responses, the record and the applicable law, the Court determines *sua sponte* that it lacks federal subject matter jurisdiction over this action and remands this case to the 133rd District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1447(c).

**II.   Factual Background**

The defendants were the plaintiff's attorneys in a class action that settled in 2002. *See Mark Berger, et. al v. Compaq Computer Corp.*, Civil Action No. 98-1148 (S.D. Tex. 2002) ("*Compaq* case"). Generally, the plaintiff asserts that the defendants submitted a false and/or exaggerated fee application to the *Compaq* court that, when approved and paid, reduced the amount of her recovery and that of the *Compaq* case class members.

---

[1] The defendants maintain that The Bilek Law Firm, L.L.P. did not exist until 2007, five years after the events at issue.

The plaintiff is a citizen of New York, and the defendants are citizens of Texas. On June 16, 2009, the plaintiff filed this suit in Texas state court. Although the plaintiff was the only plaintiff named in the suit, she attempted to assert a class action on behalf of the thousands of class members who were the present defendants' clients in the *Compaq* case. The defendants removed this suit to federal court a month after it was filed. A docket control order required class certification motions and motions to add additional parties to be filed by February 28, 2010.

On August 24, 2010 – over a year after her initial petition and well after the initial deadline for class certification motions and adding new parties – the plaintiff sought leave to file an amended complaint naming Ronald Kientz as an additional plaintiff and class member. The Court denied that motion, and Mistetsky remained the sole plaintiff in this lawsuit. Two days after seeking leave to add a second plaintiff, Mistetsky filed a motion for class certification, which the Court denied on December 9, 2010.

### III.  Contentions of the Parties

####   A.  The Defendants' Contentions

First, the defendants contend that the plaintiff's claims are barred by Texas statutes of limitations. Second, the defendants maintain that *res judicata* and collateral estoppel preclude the plaintiff from attacking the reasonableness of the fees awarded in the *Compaq* case. Third, the defendants assert that the plaintiff's fraud claim is barred because she did not rely on the defendants' alleged misrepresentations. Fourth, the defendants aver that the plaintiff lacks standing to challenge the fee award in the *Compaq* case. Finally, the defendants contend that the exhibits attached to the plaintiff's response should be stricken because they are not authenticated.

### B. The Plaintiff's Contentions

First, the plaintiff contends that her claims are protected from the statute of limitations by the discovery rule and because of the defendants' fraudulent concealment. Second, she asserts that the defendants have not proven the necessary elements of *res judicata*. Third, she maintains that collateral estoppel is inappropriate because the current issues are different than those in the *Compaq* case and because the defendants concealed material information. Fourth, she avers that her reliance may be presumed because the defendants violated their duty to disclose their breaches of fiduciary duty. Finally, she claims that she does have standing based on the duty an attorney owes to a client. Based on these allegations, she seeks disgorgement of the defendants' attorneys' fees in the *Compaq* case, compensatory damages and punitive damages.

### IV. Standard of Review

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127-28 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Because federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is

lacking." *Stockman*, 138 F.3d at 151. Further, the party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Id*. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332. The type of original jurisdiction at issue in this case is diversity jurisdiction. "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (other citations omitted)). Nor can a district court exercise diversity jurisdiction if the amount in controversy is insufficient.

Ordinarily, to determine the amount in controversy, a court examines the state court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "The defendant may prove [the jurisdictional] amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (other citations omitted)). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally

certain that [its] recovery will not exceed the amount stated in the state [petition]." *De Aguilar v. Boeing Co*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## V. Analysis and Discussion

The Court remands this case for lack of subject matter jurisdiction because the dispute does not meet the amount in controversy requirement for diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).  In the absence of a demonstrated basis for subject matter jurisdiction, this Court cannot consider the defendants' motion for summary judgment.

Although the parties have not moved to remand this action to state court, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte."  *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *see also, In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings.").

The defendants' stated grounds for removal are 28 U.S.C. §§ 1453(a), 1332(d)(1).  In their notice of removal, the defendants presupposed both that this case is a class action and that federal diversity jurisdiction exists.  However, neither of those presuppositions is accurate.  First, the Court adopted Magistrate Judge Hanks memorandum and recommendation denying the plaintiff's motion to certify a class, and so this is not a class action.  Second, because this case is not a class action, the plaintiff may not assert diversity jurisdiction because the requisite amount in controversy is lacking.

The plaintiff unsuccessfully attempted to represent a class of thousands that would have established the requisite amount in controversy for federal diversity jurisdiction.  However, the plaintiff herself has not asserted a claim entitling her to more than $21.81 if the defendants' fees were disgorged in the *Compaq* case.  <u>See</u> [Docket Entry No. 61, p. 10; 61-10, ¶ 7].  Even though

the plaintiff seeks various other types of damages, she has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Manguno*, 276 F.3d at 723 (internal citation omitted); *see also, White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (*per curiam*).

Accordingly, the Court lacks subject matter jurisdiction over this dispute, and the Court cannot address the defendants' motion for summary judgment.

## VI. Conclusion

Based on the foregoing discussion, the Court REMANDS this case to the 133rd District Court of Harris County, Texas.

It is so **ORDERED**.

SIGNED at Houston, Texas this 13th day of December, 2010.

_____
Kenneth M. Hoyt
United States District Judge